IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>**JOSEPH COREY BAILEY JR.**<br>**XAVIER KASEEM CAPERS** | Criminal No. 9:22-cr-253-DCN<br><br><br>**Government's Response to Motion**<br>**to Dismiss Filed at ECF No. 111** |

### Government's Response to the Defendant's Motions filed at ECF No. 111

The defendant, Xavier Kaseem Capers, and his codefendant, Joseph Corey Bailey Jr., were indicted by a federal grand jury in a two-count indictment on March 23, 2022. ECF No. 3. In Count 1, Capers and Bailey were charged with conspiring with one another to possess with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *Id.* In Count 2, Capers and Bailey were charged with aiding and abetting each other to possess with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. *Id.* The parties selected a jury on June 15, 2023, and trial is set to begin on June 20, 2023. On June 19, 2023, Capers, through counsel, filed a motion to dismiss the indictment alleging a violation of the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).

### Background

In or around December 2022, counsel for Bailey requested the key logs from Ridgeland Correctional Institution (RCI) on March 6, 2021. South Carolina Department of Corrections (SCDC) Investigator Shane McDowell provided the records (Records 1) to Drug Enforcement Administration (DEA) Special Agent Adam Hardin on or about December 7, 2022. The government then produced Records 1 to both defense counsel on or about January 11, 2023.

In response to an ex parte subpoena by Bailey's lawyer, SCDC provided the same key log records (Records 2) to Bailey's lawyer on June 15, 2023.[1] Bailey's lawyer provided Records 2 to the government at approximately 3:15 PM on June 19, 2023. Records 2 were different from Records 1. One of the most notable changes was that Records 2 showed the "76" key being returned by Lieutenant (Lt.) Torelle Housey and received by "Campbell," known to the parties as former SCDC correctional officer Kendra Campbell.

Trying to run down all of the relevant information with trial on the immediate horizon, the government immediately called SCDC personnel about Campbell and also obtained a current (from today) photo of the RCI key logs records at issue—the same records serving as the basis for Records 1 and Records 2. This photo was provided to defense counsel and looks possibly manipulated from Records 2. The identified possible manipulation pertains to the letter "T" when Lt. Housey's name appears written "T Housey" in Records 2.

While researching Campbell, SCDC records reflect that Campbell's last day of employment with SCDC was May 24, 2022. Since SCDC provided Records 1 to Special Agent Hardin in December 2022—after Campbell had already left SCDC—without Campbell's signature in certain blocks, the only two possibilities are: (1) someone redacted information from Records 1 before it was provided to Special Agent Hardin, or (2) someone has fraudulently altered the records since Records 1 were provided by SCDC to Special Agent Hardin in December 2022.

To obtain the answer, the government contacted Campbell earlier this evening, June 19, 2023. Special Agent Hardin showed Campbell a photo of Records 2, and Campbell told Hardin that Records 2 contained her forged signature in the areas that her signature had been added after

---

[1] Why Bailey's lawyer sought to subpoena the same records is unknown, but curious to the government given defense counsel had indicated no sense of foul play to government lawyers and the undersigned attorneys have tried at every turn to assist defense counsel with discovery in the pursuit of truth.

the production of Records 1. Thus, Campbell herself has informed investigators that she did not sign Records 2 in the places that have been altered from Records 1. The government immediately relayed this to defense counsel.

## Analysis

The government has not committed a *Brady* violation, and the defendant's motion to dismiss the indictment should be denied.

"To prevail on a *Brady* claim, the defendant must demonstrate (1) that the evidence is favorable, either because it is exculpatory or impeaching; (2) that the government suppressed the evidence; and (3) that the evidence was material to the defense." *United States v. Higgs*, 663 F.3d 726, 735 (4th Cir. 2011). Defendant bears the burden of establishing these elements. *See United States v. Wilson*, 624 F.3d 640, 661 (4th Cir. 2010).

Evidence is not "suppressed" where it is "made available" to the Defense prior to trial. *See, e.g. United States v. Pelullo*, 399 F.3d 197 (3d Cir. 2005) (observing that "*Brady* and its progeny permit the government to make information within its control available for inspection by the defense, and impose no additional duty on the prosecution team members to ferret out any potentially defense-favorable information from materials that are so disclosed."); *United States v. McDuff*, 639 F. App'x 978 (5th Cir. 2016) (rejecting the defendant's *Brady* claim where the defendant "resolutely declined to review" boxes of documents "made available to him before trial"); *Sparkman v. McKee*, 2016 WL 4486966, at *7 (W.D. Mich. 2016) (concluding that the prosecutor "did not suppress the telephone records of a witness where the records "were made available to defense counsel before trial initiated," and noting that "[t]he prosecutor's lack of awareness that the voluminous telephone records contained potentially exculpatory evidence did

not constitute misconduct as a prosecutor is not required to 'seek and find' exculpatory evidence.").

"Evidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469–70 (2009); *see also Wilson*, 624 F.3d at 661 ("Evidence is "exculpatory" and "favorable" if it 'may make the difference between conviction and acquittal' had it been 'disclosed and used effectively.'") (*quoting United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). The materiality standard for *Brady* claims is met only when "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley,* 514 U.S. 419, 435 (1995). Indeed, "there is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Higgs*, 663 F.3d at 735 (*quoting Strickler v. Greene,* 527 U.S. 263, 281–82 (1999)).

There is no *Brady* violation here because the documents (Records 1 and Records 2) were disclosed, they are not exculpatory, and they are not material.

In order for there to be a *Brady* violation, there must be nondisclosure. Here, government counsel produced Records 1 in January 2023 and SCDC produced Records 2 on or about June 15, 2023. Thus, disclosure has been made, and there is no *Brady* violation.

Second, the defendant cannot argue that a fake document (Records 2) is exculpatory or material. It is not even admissible. Campbell has informed the government that Records 2 contains a forged version of her signature. In order to admit these documents into evidence, the defendant would have to call a witness to authenticate them. He cannot do so. Federal Rule of Evidence 901 requires the proponent to "produce evidence sufficient to support a finding that the item is what

the proponent claims it is." The defendant does not have a witness who can authenticate this fake document. A fake document in the case at bar, which is not a fraud case, is not relevant, exculpatory, material, or admissible.

In his motion, the defendant claims Records 2 is the correct document and that Records 1, which was produced by the government in January 2023, has been altered.

First, the defendant fails to acknowledge that Records 2 has in fact been produced because he has it, which immediately forecloses his argument of a *Brady* violation.

Second, the defendant has no support whatsoever for his alarming, egregious accusation that someone from the prosecution team altered the true documents to manufacture Records 1. While in fact, now that investigators have spoken to Campbell, it appears that someone outside of the prosecution team altered Records 1—the true records—to create Records 2. False, altered documents are not material to the defendant's case or exculpatory in nature. In the instant case, they are not even admissible because they are not relevant and cannot be authenticated.

Therefore, the defendant's motion should be denied.

## <u>Conclusion</u>

The defendant's claim that the government produced altered documents, without any evidence to support his claim, is offensive. The defendant's argument that the government violated *Brady* is frivolous given that the defendant is in possession of the documents before the jury has been sworn and the trial proceedings have begun. The government offered to consent to a continuance to allow both parties to get to the bottom of this disturbing behavior in the interests of justice—but if the defendants prefer a trial, the government is prepared to call its first witness. And, at the appropriate time, the government would move the Court to suppress Records 2 since the defendant does not have a witness who can authenticate the fake document.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By:    *s/ Justin W. Holloway*

Justin Holloway (#11684)
Assistant United States Attorney
55 Beattie Place, No. 700
Greenville, South Carolina 29601

Amy F. Bower (#11784)
Assistant U.S. Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina 29401

June 19, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 9:22-cr-253-DCN |
| vs. | |
| | **Government's Response to Motion to Dismiss Filed at ECF No. 111** |
| **JOSEPH COREY BAILEY JR.** **XAVIER KASEEM CAPERS** | |

## CERTIFICATE OF SERVICE

As attorney of record, I hereby certify that I have caused an employee of the United States Attorney's Office to serve on June 19, 2023, a true and correct copy of the attached **Government's Response** via the Court's e-noticing system, but if that means fails, then by mailing through the United States mail, postage paid, to the attorney of record listed in this matter.

*s/ Justin W. Holloway*
Justin W. Holloway
Assistant United States Attorney